**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY, KANSAS**

| | |
|---|---|
| **MEGHAN KEPHART,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BLUE VALLEY DERMATOLOGY, LLC**<br><br>**Defendant.** | **Case No.:**<br><br>**JURY TRIAL DEMANDED**<br><br>**ATTORNEY LIEN ASSERTED** |

# COMPLAINT

COMES NOW Plaintiff Meghan Kephart (hereinafter "Plaintiff"), and for her Complaint against Defendant Blue Valley Dermatology, LLC ("Blue Valley") alleges and states as follows:

1. This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., including the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), as well as the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## Parties and Jurisdiction

2. Plaintiff is a citizen of the United States, residing in Holden, Johnson County, Missouri, and at all times pertinent to the Complaint, was an employee of Blue Valley.
3. The United States District Court for the District of Kansas has subject matter jurisdiction over this action because it presents a federal question within 28 U.S.C. § 1331 and presents

a civil rights claim within 28 U.S.C. § 1343. The Court also has jurisdiction over the over the Title VII claims under 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(1) and (2), since a substantial part of the events giving rise to the claims occurred in this District and since Defendant is located within this District.
5. Throughout Plaintiff's employment, Blue Valley was an "employer" within the meaning of Title VII.
6. Plaintiff's action for damages is authorized by 42 U.S.C. § 2000e et seq., which provides for redress, including actual and punitive damages and recovery of attorneys' fees, when an individual has suffered discrimination in employment based on gender.
7. This Court has jurisdiction over Plaintiff's claim as Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a right-to-sue letter mailed on June 12, 2023.
8. Defendant Blue Valley is and was at all relevant times a limited liability company registered and authorized to conduct business in the State of Kansas.
9. Defendant Blue Valley can be served through its registered agent, Thomas Tkachuk, at its registered office: 7520 W 160th Street, Overland Park, Kansas 66085.

**<u>Administrative and Procedural Posture</u>**

10. On or about October 27, 2022, Plaintiff dually filed a timely Charge of Discrimination against Blue Valley with the EEOC and the Kansas Human Rights Commission ("KHRC") on the basis of sex discrimination and on the basis of retaliation (attached hereto as **Exhibit A** and incorporated herein by reference).

11. On or about June 12, 2023, the EEOC issued Plaintiff a Notice of Right to Sue (attached hereto as **Exhibit B** and incorporated herein by reference).

12. The aforementioned Charge of Discrimination provided the EEOC/KHRC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

13. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

**General Allegations Common to All Counts**

14. Upon information and belief, Blue Valley engaged in a pattern and practice of sex discrimination, including discrimination of pregnant women, and allowed such discrimination of its employees to occur.

15. At all times pertinent to this Complaint, Blue Valley was responsible for establishing policies and procedures and for training its employees and supervisors concerning discrimination.

16. At all times pertinent to this Complaint, Blue Valley was responsible for receiving, investigating, and responding to discrimination complaints.

17. Blue Valley employed Plaintiff for multiple years leading up to her termination.

18. Blue Valley agrees that during Plaintiff's employment with Blue Valley, Plaintiff was an "employee" within the meaning of Title VII.

19. Blue Valley terminated Plaintiff on or about May 4, 2022.

20. Plaintiff began working with Dr. Lauren Kyle Tkachuk at a separate healthcare practice in 2016, and she moved with Dr. Tkachuk to establish Blue Valley in 2017.

21. Plaintiff gradually took on greater responsibilities and titles with Blue Valley without corresponding increases in compensation.

22. When Blue Valley represented that the business was struggling, Plaintiff agreed to a reduction in her pay to help the business remain solvent during the COVID-19 pandemic.

23. During the COVID-19 pandemic, Plaintiff developed a system to allow Blue Valley to continue seeing patients online.

24. Throughout the COVID-19 pandemic, and at times when Plaintiff had tested positive for COVID-19, she consistently offered her services remotely to Blue Valley while quarantined from the physical office, which Blue Valley regularly allowed of its employees.

25. Blue Valley regularly took advantage of Plaintiff's willingness to work flexible hours due to the unanticipated absences of one or more employees.

26. On or about March 2022, Plaintiff became aware that she was pregnant, and she informed Blue Valley management shortly thereafter, as she knew her pregnancy would require various health appointments and could potentially present physical side-effects both early and throughout her pregnancy.

27. Due to early complications in her pregnancy, Plaintiff missed several shifts at Blue Valley, but she sought and obtained Blue Valley approval before missing any scheduled time.

28. One such complication caused Plaintiff to require increased trips to the restroom, but otherwise allowed her to do her job.

29. On May 3, 2022, Plaintiff made Blue Valley management aware of the complication.

30. Later that day, Blue Valley's Practice Manager, Tom Tkachuk, called Plaintiff into his office and told her that, "as a friend" he thought she needed to focus on her health and that she was unhappy at her job.

31. When Plaintiff questioned Tkachuk about her job performance, he stated that her job performance was not an issue but that he believed she should spend more time focusing on her "personal health."

32. Plaintiff informed Tkachuk that she wanted to continue her employment with Blue Valley, at which point he asked her why she needed the job, and stated that if it was for health insurance benefits, that he would continue her benefits through the end of May 2022 if she agreed to resign.

33. Plaintiff expressed to Tkachuk her concern that her pregnancy and the information related to her early complications had caused Blue Valley's to suggest that she voluntary resign, to which Tkachuk failed to respond.

34. When Plaintiff stated that she was not interested in resigning, Tkachuk instructed her to go home for the day.

35. On May 4, 2022, Plaintiff received an email containing a letter retroactively citing various disciplinary issues that had not been presented to her beforehand, informing her that her employment had been terminated by Blue Valley.

36. Upon information and belief, a motivating factor in the termination of Plaintiff's employment was Plaintiff's gender, specifically including her status as a pregnant woman.

37. Upon information and belief, Blue Valley's decision to termination of Plaintiff's employment was in retaliation for her expression of concern of sex/pregnancy discrimination and the resulting workplace hostility of Blue Valley management.

## COUNT I – SEX/PREGNANCY DISCRIMINATION

38. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs.

39. Plaintiff is a member of a protected class in that she was at all times relevant hereto a pregnant woman and suffered sex/pregnancy discrimination by Blue Valley.

40. Defendant Blue Valley discriminated against Plaintiff based on her sex and/or pregnancy in violation of her rights under Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978.

41. Defendant Blue Valley's termination of Plaintiff was a materially adverse employment action.

42. Plaintiff's status as a pregnant woman was a motivating factor in Blue Valley's decision to terminate Plaintiff's employment.

43. As a direct and proximate cause of Blue Valley's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

44. As a direct and proximate result of Blue Valley's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress, mental anguish and pain, and related compensatory damages.

45. By failing to take prompt and effective remedial action, Blue Valley in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

46. As explained in this Complaint, Blue Valley's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including Plaintiff's rights, justifying an award of punitive damages in an amount sufficient to punish Blue Valley and deter it and other companies from such conduct in the future.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against the Defendant Blue Valley for the economic damages, including but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorney's fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court may deem just and proper.

## <u>COUNT II – UNLAWFUL RETALIATION</u>

47. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs.
48. Plaintiff is a member of a protected class in that she was at all times relevant hereto a pregnant woman and suffered sex/pregnancy discrimination by Blue Valley.
49. Plaintiff engaged in protected activity within the meaning of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by reasonably and in good faith opposing unlawful sex/pregnancy discrimination in the workplace.
50. Defendant Blue Valley terminated Plaintiff's employment in retaliation for exercising her right to engage in the aforementioned protected activity.
51. Plaintiff's protected activity was a determining factor in Blue Valley's decision to terminate her employment.
52. The reasons advanced by Blue Valley as legitimate and non-discriminatory justification of its decision to terminate Plaintiff's employment were false and pretextual.
53. In each of the foregoing respects, Blue Valley violated Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. § 1981.
54. As a direct and proximate result of the Blue Valley's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

55. As a further direct and proximate result of Blue Valley's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

56. By failing to take prompt and effective remedial action, Blue Valley in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

57. As shown by the foregoing, Blue Valley's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Blue Valley or deter it and other companies from such conduct in the future.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against the Defendant Blue Valley for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorney's fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court may deem just and proper.

**Demand for Jury Trial and Designation of Place of Trial**

Plaintiff requests a trial by jury in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully submitted,

**SCHMITT LAW FIRM, LLC**

*/s/ Nickolas C. Templin*
Nickolas C. Templin KS #25986
2600 Grand Blvd., Ste. 380
Kansas City, Missouri 64108
Phone 816-400-1000
Fax 816-389-4015
nick@kansascitylawyers.com

**MCGREEVY LAW, LLC**

*/s/ Joe M. McGreevy*
Joe M. McGreevy KS #25857
4800 Rainbow Blvd., Ste. 100
Westwood, KS 66205
(T) 913-386-8363
(F) 913-355-1099
Joe@McGreevyLawLLC.com

**Attorneys for Plaintiff**