**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY, KANSAS**

| | | |
|---|---|---|
| **MEGHAN KEPHART,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.: 2:23-cv-02386-JAR-BGS** |
| **v.** | ) | |
| | ) | |
| **BLUE VALLEY DERMATOLOGY, LLC,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Blue Valley Dermatology, LLC, by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff states a legal conclusion in paragraphs 1, 3, 4, 5, and 6 to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

2. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 and, therefore, denies the same.

3. In response to the allegations in paragraph 7, Plaintiff states a legal conclusion about this Court's jurisdiction to which no response is required, but to the extent a response is required, Defendant denies the allegations contained therein. For all other allegations contained in paragraph 7, Defendant admits only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Dismissal and Notice of Rights letter, and Defendant states that the Charge of Discrimination and the Dismissal

and Notice of Rights letter speak for themselves. Defendant denies each and every remaining allegation contained in paragraph 7 of the Complaint.

4. Defendant admits the allegations in paragraph 8 and 9.

**ADMINISTRATIVE AND PROCEDURAL POSTURE**

5. In response to paragraph 10 of the Complaint, Defendant admits only that Plaintiff filed a Charge of Discrimination with EEOC, a copy of which is attached to the Complaint as Exhibit A, and Defendant states that the Charge of Discrimination speaks for itself. Defendant denies each and every remaining allegation contained in paragraph 10 of the Complaint.

6. In response to paragraph 11 of the Complaint, Defendant admits only that the EEOC issued a Dismissal and Notice of Rights, a copy of which is attached to the Complaint as Exhibit B, and Defendant states that the Dismissal and Notice of Rights speaks for itself. Defendant denies each and every remaining allegation contained in paragraph 7 of the Complaint.

7. Plaintiff states a legal conclusion in paragraphs 12 and 13 to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

8. Defendant denies the allegations in paragraphs 14, 21, 22, 23, 25, 33, 36, and 37.

9. Defendant admits the allegations in paragraphs 15, 16, 17, 19, and 20.

10. Plaintiff states a legal conclusion in paragraph 18 to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

11. In response to the allegations in paragraph 24, Defendant admits that when employees would test positive for COVID-19, the quarantined employees would sometimes answer phones remotely. Defendant denies all other allegations in paragraph 24.

12. In response to the allegations in paragraph 26, Defendant admits Plaintiff informed Defendant of her pregnancy in March 2022. Defendant is without sufficient information to admit or deny all other allegations contained in paragraph 26 and, therefore, denies the same.

13. In response to the allegations in paragraph 27, Defendant admits Plaintiff missed several shifts from March 2022 to May 3, 2022 and that Plaintiff obtained approval to miss certain scheduled shifts in connection with her pregnancy. Defendant is without sufficient information to admit or deny the allegation that such absences were due to a pregnancy complication.

14. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 28 and, therefore, denies the same.

15. In response to paragraph 29, Defendant admits that Plaintiff notified Defendant of an ultrasound finding. Defendant denies all other allegations contained in paragraph 29.

16. In response to paragraph 30, Defendant admits that Mr. Tkachuk told Plaintiff that she appeared unhappy at her job. Defendant denies all other allegations in paragraph 30.

17. In response to paragraph 31, Defendant admits that Plaintiff asked about her job performance. Defendant denies all other allegations in paragraph 31.

18. In response to paragraph 32, Defendant admits that Mr. Tkachuk asked Plaintiff why she continued her employment with Blue Valley despite her clear unhappiness. Defendant denies all other allegations in paragraph 32.

19. In response to paragraph 34, Defendant admits Mr. Tkachuk sent Plaintiff home. Defendant denies all other allegations contained in paragraph 34.

20. In response to paragraph 35, Defendant admits Defendant sent Plaintiff an email on May 4, 2022, informing her that her employment was terminated. Defendant denies all other allegations contained in paragraph 35.

**COUNT I – SEX/PREGNANCY DISCRIMINATION**

21. In response the allegations in paragraph 38, Defendant hereby realleges and incorporates by reference each and every response in the preceding and foregoing paragraphs as though fully set forth herein.

22. In response to paragraph 39, Defendant admits Plaintiff was a member of a protected class due to her status as a pregnant woman. Defendant denies all other allegations contained in paragraph 39.

23. Defendant denies the allegations in paragraphs 40, 42, 43, 44, 45, and 46.

24. Defendant admits the allegations in paragraph 41.

**COUNT II – UNLAWFUL RETALIATION**

25. In response to the allegations in paragraph 47, Defendant hereby realleges and incorporates by reference each and every response in the proceeding and foregoing paragraphs as though fully set forth herein.

26. In response to paragraph 48, Defendant admits Plaintiff was a member of a protected class due to her status as a pregnant woman. Defendant denies all other allegations contained in paragraph 48.

27. Defendant denies the allegations in paragraphs 49, 50, 51, 52, 53, 54, 55, 56, and 57.

**AFFIRMATIVE DEFENSES**

28. Defendant hereby incorporates by reference each and every response in the preceding and foregoing paragraphs as though fully set forth herein.

29. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

30. Plaintiff is not entitled to the relief requested as a matter of fact or law.

31. Plaintiff's claims are barred because all the employment decisions Plaintiff challenges were made for legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to her pregnancy or sex or because she engaged in protected activity.

32. Plaintiff's alleged damages or claims, if any, were caused or contributed to by Plaintiff's own acts or failure to act.

33. To the extent determined during discovery, Plaintiff has failed to mitigate her damages, if any, or to the extent mitigated, all earnings and consideration serves as a setoff or reduction to alleged damages, if any, in this action. Plaintiff has not yet provided Defendant with a calculation of alleged damages and Defendant has not yet obtained discovery from Plaintiff (including Plaintiff's deposition) to determine what efforts Plaintiff made to find other employment. Facts pertaining to Plaintiff's efforts to mitigate her damages are within Plaintiff's control and will become known during discovery.

34. To the extent determined during discovery, Plaintiff's damages, if any, may be reduced or offset by virtue of any recovery she has obtained or may obtain from any collateral or other source as a result of any workers' compensation, unemployment benefits, disability benefits, or other payments.

35. To the extent Defendant discovers during the course of this action that Plaintiff engaged in any conduct which would have warranted discharge under Company policy, Plaintiff's right to recover damages beyond the date of such discovery will be barred.

36. Plaintiff may have failed to exhaust her administrative remedies with respect to the claims asserted, and therefore, her claims fail as a matter of law.

37. Some or all of plaintiff's claims may be barred by her failure to satisfy the jurisdictional prerequisites or conditions precedent to this action.

38. Plaintiff is not entitled to punitive damages because Defendant did not act with malice, evil motive, or reckless indifference to any state or federally protected right to which Plaintiff may be entitled.

39. Plaintiff is not entitled to punitive damages because Defendant has endeavored in good faith to comply with all applicable state and federal employment laws.

40. Defendant reserves the right to designate additional defenses as they become apparent through the course of discovery, investigation, or otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully request that this Court dismiss Plaintiff's Complaint in its entirety, or, in the alternative, that this Court enter Judgment in favor of Defendant and against Plaintiff on all Counts; for Defendant's cost and attorney fees, and for such other and further relief as this Court deems necessary and proper in the premises.

**REQUEST FOR JURY TRIAL**

Defendant requests a jury trial on all issues.

**DESIGNATION OF PLACE OF TRIAL**

Under D. Kan. Rule 40.2, Defendant requests Kansas City, Kansas as the place of trial.

Dated: October 9 2023

Respectfully submitted,

**FORBES LAW GROUP, LLC**

/s/ *Bethany Bleil*
Anne Emert KS Bar #22144
Bethany Bleil KS Bar #29623
12900 Metcalf Ave., Suite 210

Overland Park, KS 66213
(913) 341-8600 – Telephone
(913) 341-8606 – Fax
aemert@forbeslawgroup.com
bbleil@forbeslawgroup.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 9, 2023, a true and accurate copy of the foregoing was filed with the Court's electronic filing system, sending notice to the following counsel of record:

Mr. Nickolas C. Templin (nick@kansascitylawyers.com)
Mr. Joe M. McGreevy (joe@mcgreevylawLLC.com)
**Attorneys for Plaintiff**

/s/ *Bethany Bleil*____________________
Bethany Bleil